STATE OF TENNESSEE ex rel. Gary Underwood v. MALCOLM M. ADAMSON. No. 297.—463 S.W.2d 952.

Eastern Section. October 5, 1970.

Certiorari Denied by Supreme Court January 18, 1971.

John S. Wrinkle, Chattanooga, for appellant.

Shattuck & Payne, Chattanooga, for appellee.

SANDERS, J. This is an appeal from a decree of the Circuit Court of Hamilton County wherein the Court dismissed appellant's petition for a writ of habeas corpus.

Appellant contends the Court erred in dismissing the petition for writ of habeas corpus which was filed for the purpose of having a fourteen year old boy released from Bonny Oaks School in Hamilton County.

Gary Underwood, on whose behalf this habeas corpus proceeding was brought, is a minor now fourteen years of age.

On March 29, 1967, upon petition and referral by the City School Department for Chattanooga, Gary Underwood and his sister, Delores Underwood, were brought before the Juvenile Court of Hamilton County on a charge of truancy.

The mother of the children, Lila Buffiington, and their stepfather, James Buffiington, were also present in court. The record does not disclose whether any charges were placed against the parents for failure to cause the children to attend school as provided under T.C.A. 49-1708 and 49-1723, but they were represented by counsel.

The record does show, however that no criminal charges were filed against either of the children.

Gary Underwood was not represented by an attorney; neither was he advised that he was entitled to an attorney.

The Juvenile Court, after hearing testimony in the case, found: "Said children are dependent and neglected children." After this finding by the Court the order further directed that the children be taken into custody and placed in "Chambliss Home" for a complete physical examination to determine what their health problems might be and for further planning for their future best interest.

In May, 1967, the matter was again brought before the Juvenile Court on oral motion of a probation officer.

The children and their parents were all present at this hearing and the parents were represented by counsel, but the children were not. After hearing testimony on this occasion, the Court entered a second order, the pertinent part of which is as follows:

"* * * said children are dependent and neglected and in need of placement outside their home. It is the judgment of the Court, Delores Ann Underwood and Gary Underwood having previously been adjudged dependent and neglected, each will be Ordered committed to Bonny Oaks School for an indefinite period of time or until such time as this court is satisfied these parents are capable of providing a suitable home for them."

In April, 1969, a petition was filed in the Circuit Court of Hamilton County for a writ of habeas corpus. The writ was issued and the case was tried before The Honorable Robert M. Summitt, Special Circuit Court Judge, who, after hearing evidence and reviewing the record, entered an order dismissing the petition and the petitioner has perfected his appeal to this court and assigned error.

In his assignment of error appellant contends that the trial court should have held that the boy was being held without due process of law in violation of Section I of the Fourteenth Amendment of the Constitution of the United States and of the due process of law clause of the Constitution of the State of Tennessee in that at the hearing Gary Underwood did not have an attorney, he was not told that he was entitled to an attorney and the Court did not appoint an attorney for him.

In support of his assignment of error, counsel for appellant cites a number of cases: Supreme Court of Arizona, 99 Ariz. 181, 407 P.2d 760 (1965), Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), et al., which all support the proposition that a juvenile is entitled to the same "due process" protection under the Constitution as is an adult.

All of these cases are distinguishable from the case at bar. Here we are dealing with a simple question of custodial placement of a minor child.

No charges of any nature were ever filed against Gary Underwood and he has never been charged or accused of any wrongdoing.

The case originated in the juvenile court because of a question of truancy involving Gary and his sister, Delores. The Court, after hearing proof, found them each to be a "dependent and neglected" child. T.C.A. 37-242 Section (4) Subsection (c) defines a 'dependent and neglected child" as one

"* * * who is under unlawful or improper care, supervision, custody * * or who is unlawfully kept out of school * * * "

Section 37-258 T.C.A. provides:

"When any child shall be found to be a dependent and neglected child as defined in sec. 37-242, the court may make an order committing the child to the custody of some suitable state institution, some suitable person, some licensed child caring agency, or the department of public welfare. * * *"

In this case, after the Court had found the children neglected and dependent, it went on to find that they were "in need of placement outside their home."

At this juncture the Court was confronted with the problem of finding a suitable home for these children where they could have proper food, shelter, clothing, environment, supervision, education, and all of the other material and sociological things which a child cannot provide for himself.

Bonny Oaks School was re-established by Chapter 243 of the 1957 Private Acts of Tennessee for "dependent and neglected youthful persons in Hamilton County."

No proof was offered to the effect that Bonny Oaks School is not a desirable home for children or that Gary Underwood was not receiving proper care or treatment. There is nothing in the record to even indicate that he is unhappy there.

There is also no showing of anyone who would be willing to come forward and provide a home for this young boy if he were removed from Bonny Oaks Home.

If, in fact, there is some justification for removing a child from a home or institution in which he may have been placed by the court under the provisions of Section 37-258 T.C.A., this same section provides "* * * The

court may thereafter set aside, change, or modify such order," and we think the proper procedure in this case would be to apply to the Juvenile Court for such relief.

We find no violation of Section I of the Fourteenth Amendment to the Constitution of the United States or the due process of law clause of the Constitution of Tennesse. We find no merit in appellant's assignment of error and no error in the judgment of the court below.

The judgment of the Circuit Court is affirmed and the costs are taxed against the petitioner, for which execution will issue.

Cooper, P. J. (E.S.), and Parrott, J., concur.